**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **MICHAEL YARBROUGH, JR., ANN YARBROUGH AND ALIZELYIA YARBROUGH, MICHAEL YARBBROUGH, III AND JAMES YARBROUGH, MINORS, BY AND THROUGH THEIR NATURAL GUARDIANS, MICHAEL YARBROUGH, JR. AND ANN YARBROUGH** | **PLAINTIFFS** |
| **V.** | **CIVIL ACTION NO. 1:18cv51LG-RHW** |
| **HUNT SOUTHERN GROUP, LLC FKA FOREST CITY SOUTHERN GROUP, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, LLC, HUNT MH PROPERTY MANAGEMENT LLC, UNKNOWN JOHN AND JANE DOES A THROUGH M, AND OTHER UNKNOWN CORPORATE ENTITIES N THROUGH Z** | **DEFENDANTS** |

**HUNT SOUTHERN GROUP, LLC FKA FOREST CITY
SOUTHERN GROUP, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Hunt Southern Group, LLC fka Forest City Southern Group, LLC answers the above-styled Complaint as follows:

**PARTIES**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

254324.1

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

6.

Defendant admits that it is a Delaware limited liability company registered to do business in Mississippi. Defendant defers to the publicly-available filings from the Mississippi Secretary of State's office as to any dates and information averred by Plaintiffs in this paragraph. Defendant denies that it owns the property at issue in this case. Rather, Defendant's relationship to the property and the United States Air Force is fully set out in the Department of the Air Force Lease of Property on Keesler Air Force Base, Mississippi. As a federal enclave Defendant merely leases the property at issue and is not the "owner." Rather, the United States of America is the owner of such property.

7.

This paragraph is directed to another Defendant such that this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

8.

This paragraph is directed to another Defendant such that this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same.

**JURISDICTION AND VENUE**

11.

Defendant denies this paragraph. Defendant affirmatively asserts that jurisdiction is proper in the United States District Court for the Southern District of Mississippi, Southern Division as the events alleged in Plaintiffs' Complaint occurred wholly within and on a federal enclave, Keesler Air Force Base, involved a federal officer, and occurred between diverse parties. To the extent that this paragraph alleges any wrongdoing against Defendant, such is specifically denied.

**FACTS**

12.

Defendant admits that one or more Plaintiffs lived at 295 Fairchild Drive in Biloxi, Mississippi, on Keesler Air Force Base, a federal enclave. Defendant denies the remaining comments of this paragraph.

13.

Defendant admits that one or more Plaintiffs lived at 295 Fairchild Drive, Biloxi, Mississippi in the West Falcon neighborhood on the federal enclave of Keesler Air Force Base. The responsibilities of this Defendant are outlined in the Department of the Air Force Lease of Property on Keesler Air Force Base, Mississippi. Defendant admits that during the pendency of the Ground Lease with the United States government Defendant owns the improvements on the land, but must relinquish any and all improvements to the government at the expiration of the lease. Defendant admits that the United States government at all times owned the land at 295 Fairchild Drive, Biloxi, Mississippi. Defendant denies all remaining allegations not previously admitted.

14.

Defendant admits that one or more Plaintiffs lived at 295 Fairchild Drive, Biloxi, Mississippi in the West Falcon neighborhood on the federal enclave of Keesler Air Force Base. The responsibilities of this Defendant are outlined in the Department of the Air Force Lease of Property on Keesler Air Force Base, Mississippi. Defendant admits that during the pendency of the Ground Lease with the United States government Defendant owns the improvements on the land, but must relinquish any and all improvements to the government at the expiration of the lease. Defendant admits that the United States government at all times owned the land at 295 Fairchild Drive, Biloxi, Mississippi. Defendant denies all remaining allegations not previously admitted.

15.

Defendant denies the allegations of paragraph 15.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies the same. Defendant admits that Plaintiffs have attached what purports to be mold testing to the Complaint; however, the manner of the testing, methodology of the testing, the accuracy of the testing and the general conclusions of the testing are and will be disputed in this case.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

## COUNT I

## NEGLIGENCE

23.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 22 as if fully incorporated herein.

24.

Defendant denies the allegations of paragraph 24, including sub-paragraphs A through M.

25.

Defendant denies the allegations of paragraph 25.

## COUNT II

## GROSS NEGLIGENCE

26.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 25 as if fully incorporated herein.

27.

Defendant denies the allegations of paragraph 27.

28.

Defendant denies the allegations of paragraph 28.

## COUNT III

## BREACH OF CONTRACT

29.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 28 as if fully incorporated herein.

30.

Defendant denies the allegations of paragraph 30, including sub-paragraphs A through G.

31.

Defendant denies the allegations of paragraph 31.

## COUNT IV

## CIVIL CONSPIRACY

32.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 31 as if fully incorporated herein.

33.

Defendant denies the allegations of paragraph 33.

## COUNT V

## ALTER EGO

34.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 33 as if fully incorporated herein.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the various averments of this paragraph and therefore denies the same.

## COUNT VI

## FRAUDULENT CONCEALMENT

36.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 35 as if fully incorporated herein.

37.

Defendant denies the allegations of paragraph 37, including sub-paragraphs A through E.

## COUNT VII

## INTENTIONAL ENDANGERMENT

38.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 37 as if fully incorporated herein.

39.

Defendant denies the allegations of paragraph 39.

**DISCOVERY RULE**

40.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 39 as if fully incorporated herein.

41.

Defendant denies the allegations of paragraph 41.

**CONTINUING TORT**

42.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 41 as if fully incorporated herein.

43.

Defendant denies the allegations of paragraph 43.

**DISABILITY OF INFANCY**

44.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 43 as if fully incorporated herein.

45.

Defendant denies the allegations of paragraph 45.

**DAMAGES**

46.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 45 as if fully incorporated herein.

47.

Defendant denies the allegations of paragraph 47, including sub-paragraphs A through E. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt Southern Group, LLC.

**PUNITIVE DAMAGES**

48.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 47 as if fully incorporated herein.

49.

Defendant denies the allegations of paragraph 49. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt Southern Group, LLC.

**ATTORNEYS' FEES**

50.

Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 49 as if fully incorporated herein.

51.

Defendant denies the allegations of paragraph 51. Defendant further denies that Plaintiffs are entitled to a judgment of and from Hunt Southern Group, LLC.

**PRAYER**

Defendant denies the unnumbered paragraph following paragraph 51 and further denies that Plaintiffs are entitled to a judgment of and from Hunt Southern Group, LLC, and further denies that Plaintiffs are entitled to a judgment of and from Hunt Southern Group, LLC in any amount or any form whatsoever. Hunt Southern Group, LLC prays to be dismissed from this action with its costs and for any other relief to which it may be entitled. All other averments not specifically admitted are hereby denied.

### FIRST DEFENSE

This action is barred by the applicable statutes of limitation or of repose and/or the doctrine of laches.

### SECOND DEFENSE

The negligence of Plaintiffs proximately caused or contributed to the alleged damages, injuries or loss, if any was sustained. Any recovery is therefore barred or should be diminished accordingly.

### THIRD DEFENSE

The acts or omissions of others over whom this Defendant had no control, whose acts or omissions this Defendant had no reason to anticipate, and for whom this Defendant is not liable, proximately caused or contributed to the damages, injuries, or loss, if any. These acts or omissions of others constitute intervening cause(s) and supersede any alleged wrongful act or omission on the part of this Defendant.

### FOURTH DEFENSE

Plaintiffs assumed the risk of the alleged damages, injuries, or losses, if any.

### FIFTH DEFENSE

Plaintiffs failed to mitigate damages, if any.

## SIXTH DEFENSE

Defendant is entitled to a credit in the amount of settlements, whenever such may be entered into, in the amounts received by Plaintiffs.

## SEVENTH DEFENSE

All or part of Plaintiffs' claims which are the basis of this lawsuit have either been settled or adjudicated and therefore, the doctrines of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, acquiescence, election of remedies, payment and release, waiver, and accord and satisfaction bar Plaintiffs' claims against this Defendant.

## EIGHTH DEFENSE

This Defendant asserts all rights and claims it may have pursuant to Miss. Code § 85-5-7, as amended, and other applicable Mississippi law for contribution among joint tortfeasors, apportionment of fault and other safeguards contained therein and/or setoff of any amount paid in settlement or reimbursement by any other person, entity or defendant.

## NINTH DEFENSE

Plaintiffs' claims against this Defendant are speculative only and there can be no recovery from this Defendant.

## TENTH DEFENSE

Plaintiffs have failed to plead Civil Conspiracy or Fraudulent Concealment with particularity as required by Miss. R. Civ. P. 9(b) and/or Fed. R. Civ. P. 9(b) and should therefore be dismissed against this Defendant.

## ELEVENTH DEFENSE

Defendant pleads all defenses, objections, and protections afforded by Miss. Code Ann. § 11-1-60, as amended.

**TWELFH DEFENSE**

The Complaint should be dismissed for failure to state a claim against this Defendant upon which relief can be granted.

**THIRTEENTH DEFENSE**

This Court lacks *in personam* jurisdiction over this Defendant.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against this Defendant are speculative and do not warrant recovery.

**FIFTEENTH DEFENSE**

At all relevant times, Plaintiffs' home complied with all applicable governmental building codes, standards, regulations, and specifications.

**SIXTEENTH DEFENSE**

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' pre-existing illnesses or conditions. All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs' pre-existing injuries and conditions.

**SEVENTEENTH DEFENSE**

Hunt Southern is entitled to any sovereign or governmental immunity available to the United States of America.

**EIGHTEENTH DEFENSE**

Liability for Plaintiffs' damages, if any, is due to the negligence and/or conduct of others.

**NINETEENTH DEFENSE**

Defendant reserves the right to assert any and/or all applicable affirmative defenses which discovery may reveal appropriate.

**TWENTIETH DEFENSE**

Defendant specifically and affirmatively denies any claims made against it by any co-defendant in this action, including any cross-claims, any claims for indemnity or any other claims filed by any co-defendant.

**TWENTY-FIRST DEFENSE**

Plaintiffs are not entitled to an award of punitive damages because they failed to allege sufficient facts within the Complaint to demonstrate any conscious disregard for the safety of Plaintiffs, or any willful, wanton or malicious act or omissions, or any other act of conduct on the part of this Defendant which could form the basis for an award of punitive damages.

**TWENTY-SECOND DEFENSE**

No party is entitled to recover punitive or exemplary damages in any form or fashion in this case in that it would violate this Defendant's rights under the Constitution of the United States and the Constitution of the State of Mississippi. Any award of exemplary or punitive damages, in the absence of appropriate standards, procedures to ensure their application, and adequate review, would be unreasonable, arbitrary, capricious and confiscatory, would have no relation to any ascertainable fact, and therefore would afford this Defendant no adequate means of defense in appellate review. Mississippi law does not provide adequate procedures or standards of review. Any award of such damages under Mississippi law and procedure would be in violation of this Defendant's Constitutional Rights, and thus any such allegations to recover exemplary or punitive damages should be stricken.

**TWENTY-THIRD DEFENSE**

The imposition of punitive damages in this action violates this Defendant's constitutional right of due process under the Mississippi Constitution and the United States Constitution because it creates an unnecessary and undue risk of an improper verdict on the issue of liability,

on the measure of compensatory damages, on the issue of whether to award punitive damages, and on the measure of punitive damages.

## TWENTY-FOURTH DEFENSE

This Defendant asserts that any award of punitive damages would violate the Mississippi Constitution and the United States Constitution in that:

a. Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

b. An allowance of punitive damages in this case would violate the Commerce Clause, Article I, Section 8, United States Constitution;

c. An allowance of punitive damages in this case would exposure this Defendant to multiple awards of punitive damages and thereby subject it to double jeopardy for the same alleged acts and would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi; and

d. An allowance of punitive damages in this case would violate the Ex Post Facto Clause of the United States Constitution.

## TWENTY-FIFTH DEFENSE

Defendant pleads all rights and defenses available under Mississippi Code Annotated § 11-1-65 such that an award of punitive damages should be controlled and limited by this statute.

WHEREFORE, Defendant Hunt Southern Group, LLC fka Forest City Southern Group, LLC respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment

be entered in its favor, and that Hunt Southern be awarded its costs, expenses, and such other relief as the Court deems just.

This the 26th day of March, 2018.

Respectfully submitted,

**Balch & Bingham, LLP**

/s/ Jennifer J. Skipper
Walter H. Boone, MSB#8651
Jennifer J. Skipper, MSB#100808

***Attorneys for Hunt Southern Group, LLC fka Forest City Southern Group, LLC***

**BALCH & BINGHAM LLP**
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email:  wboone@balch.com
　　　　jskipper@balch.com

# CERTIFICATE OF SERVICE

I, Jennifer J. Skipper, one of the attorneys for Hunt Southern Group, LLC fka Forest City Southern Group, LLC, do hereby certify that a true and correct copy of the above and foregoing has been electronically filed with the Clerk of the Court of the United States District Court for the Southern District of Mississippi Southern Division via the CM/ECF system such that all ECF participants have received notice of same.

This, the 26th day of March, 2018.

/s/ Jennifer J. Skipper
Jennifer J. Skipper