# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MICHAEL YARBROUGH, JR.; et al.**                               **PLAINTIFFS**

**v.**                                              **CAUSE NO. 1:18cv51-LG-RHW**

**HUNT SOUTHERN GROUP, LLC**
*formerly known as* **Forest City**
**Southern Group, LLC; et al.**                                  **DEFENDANTS**

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [229] Motion for Reconsideration filed by Plaintiffs Michael Yarbrough, Jr., Ann Yarbrough, Alizelyia Yarbrough, Michael Yarbrough, III, and James Yarbrough. The Motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Plaintiffs' Motion should be denied.

On September 12, 2019, the Court entered a [277] Memorandum Opinion and Order, which granted Defendants' motions for summary judgment and dismissed Plaintiffs' claims with prejudice. The plaintiffs in this case allege that they were exposed to mold while living in on-base housing at Keesler Air Force Base in Biloxi, Mississippi. They asserted numerous causes of action under various tort and contract-based theories of liability.

The instant Motion, filed September 30, 2019, argues that the Court manifestly erred by granting summary judgment on Plaintiffs' claims for breach of contract, breach of the implied warranty of habitability, breach of agreement to repair, fraud, negligent infliction of emotional distress, and intentional infliction of

emotional distress.  Given that it was filed within 28 days of the entry of final judgment, the Motion is properly filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e)  . . . when . . . filed within twenty-eight days after the entry of judgment . . . .").

A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.  *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet*, 367 F.3d at 478. "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly." *Id.*

Each of the arguments Plaintiffs make in their Motion either were previously raised in response to Defendants' summary judgment motions or could have been raised at that time.  None suggests an intervening change in the law, newly discovered evidence, or a clear error of law.  Instead, Plaintiffs contend that the Court neglected to consider Plaintiffs' claims in the context of property damage (a claim neither addressed in summary judgment briefing nor supported by summary

judgment evidence),[1] improperly relied upon reasoning not proffered by the Defendants, and otherwise arrived at incorrect conclusions over the sufficiency of Plaintiffs' evidence. As already explained, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [229] Motion for Reconsideration filed by Plaintiffs Michael Yarbrough, Jr., Ann Yarbrough, Alizelyia Yarbrough, Michael Yarbrough, III, and James Yarbrough is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] It is also worth noting that, the lack of evidence of property damage aside, Plaintiffs leased the premises in which they reside(d); thus Hunt Southern Group, LLC owns them.